**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF COLORADO**

| | |
|---|---|
| In re:<br><br>ROBERT J. INTELKOFER | Case No. 14-11530-HRT<br><br>Chapter 7 |

**RESPONSE TO TRUSTEE'S OBJECTION TO PROOFS OF CLAIM OF
UNITED STATES (INTERNAL REVENUE SERVICE)**

Creditor United States, through undersigned counsel, hereby responds to Trustee's Objection to the Internal Revenue Service Proofs of Claim (Doc. 133). The United States requests that the Court overrule the objection.

Chapter 7 Trustee Joli A. Lofstedt objects to the IRS's Fifth Amended Claim (Claim 1-6) on two bases.[1] First, the Trustee asserts that Claim 1-6 does not reflect the proper application of a $140,000 interim distribution toward the Debtor's tax liability. Second, the Trustee maintains that because the tax liability calculated on the Debtor's late-filed tax returns is less than that indicated on Claim 1-6, Claim 1-6 does not reflect the correct amounts.

The Trustee's objection should not stand. As explained below, the $140,000 interim distribution constitutes an involuntary payment toward the Debtor's tax liability. The Trustee may not direct how the IRS applies such a payment. Moreover, because the Trustee has not met her burden of producing evidence of probative force equal to that of the allegations in Claim 1-6,

---

[1] The Trustee's objection addresses the IRS's "Proofs" of Claim. The substance of the Trustee's objection, however, relates to the IRS's Fifth Amended Claim (Claim 1-6), which, by definition, amended the IRS's original claim (Claim 1-1) and the previous amended claims (Claims 1-2 – 1-5).

1

the Trustee's objection has not overcome the claim's prima facie validity.  The Court, therefore, should overrule the Trustee's objection.

In the alternative, if the Court declines to overrule the Trustee's objection, the United States moves for a more definite statement or requests that the Court set a discovery and briefing schedule prior to any evidentiary hearing.

I.  **The Court Should Overrule the Trustee's Objection.**

  A.  **The Trustee May Not Direct How the IRS Applies the $140,000 Payment.**

The Court should overrule the Trustee's objection regarding application of the $140,000 payment because the IRS has sole discretion to determine how to apply that payment.

The Debtor filed for Chapter 7 bankruptcy on February 18, 2014, one day before the IRS's scheduled sale of seized rental properties that the Debtor had owned.  During this bankruptcy, the Trustee sold two of those properties.  Out of the proceeds of that sale, the Trustee made a $140,000 interim distribution to the IRS toward the Debtor's tax liability for the 2001 through 2013 tax years, pursuant to the Court's order (Doc. 94).  The Trustee now seeks to direct how the IRS applies that $140,000 payment.  In her objection, the Trustee states that "a dispute has arisen between the Trustee and the IRS over the application of the $140,000 interim payment."  Because the payment was involuntary, however, the Trustee may not direct how the IRS applies it.

Under established law, a taxpayer may direct how the IRS applies voluntary payments, but cannot direct how the IRS applies involuntary payments.  *See O'Dell v. United States*, 326 F2d. 451, 456 (10th Cir. 1964); *In re Optics of Kansas, Inc.*, 132 B.R. 446, 448 (D. Kan. 1995).  An "involuntary" tax payment means "any payment received by agents of the United States as a result of distraint or levy or from a legal proceeding in which the Government is seeking to

2

collect its delinquent taxes or file a claim therefor." *Ida v. Department of Treasury*, 108 F. Supp. 2d 1181, 1184 (D. Kan. 2000) (quoting *Amos v. Commissioner*, 47 T.C. 65, 69 (1966)). Given the Bankruptcy Court's role in matters under its jurisdiction, any payments in a bankruptcy proceeding that debtors or those on debtors' behalf make to the IRS are involuntary. *See In re Frost*, 47 B.R. 961, 965 (D. Kan. 1985).

Accordingly, courts uniformly have held that a Chapter 7 trustee's payment to the IRS constitutes an involuntary payment. A Chapter 7 trustee thus cannot direct how the IRS applies such a payment. *See, e.g., Ida*, 108 F. Supp. 2d at 1184 (holding that because Chapter 7 trustee's payment to the IRS was an involuntary payment, the IRS had discretion to allocate that payment); *In re Ferguson*, 197 B.R. 161, 164 (Bankr. S.D. Fla. 1996) ("in bankruptcy, payments by a Chapter 7 trustee are involuntary payments and may not be directed to a specific tax period"); *In re Schilling*, 177 B.R. 862, 864 (Bankr. N.D. Ohio 1995) ("the payment by a Chapter 7 trustee to the IRS is not a voluntary payment"); *In re Optics of Kansas, Inc.*, 132 B.R. at 448 ("[A] payment by a Chapter 7 trustee to the IRS is an involuntary payment which prevents the debtor or the trustee from directing the allocation of the payment.").

In this case, therefore, the Trustee's $140,000 payment to the IRS was an involuntary payment. The Trustee cannot direct how the IRS applies that payment to the Debtor's various tax liabilities. It makes no difference if the IRS initially applied the payment as the Trustee wished, then later applied the payment differently. Because the payment was involuntary, the IRS retains sole discretion over its application. The Court, therefore, should overrule the Trustee's objection with respect to application of the $140,000 payment.

### B. The Trustee Has Not Produced Evidence Sufficient to Overcome the Validity of the IRS's Claim.

The Court otherwise should overrule the Trustee's objection because the Trustee has not produced evidence sufficient to overcome the presumptive validity of Claim 1-6.

A proof of claim executed and filed in accordance with the Bankruptcy Rules "shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f); *see also Agricredit Corp. v. Harrison* (*In re Harrison*), 987 F.2d 677, 680 (10th Cir. 1993). Under 11 U.S.C. § 502(a), such proof of claim is deemed allowed unless a party in interest objects. To overcome the claim's presumption of validity, however, the objecting party must come forward with evidence equal in probative force to that underlying the proof of claim. *See Wilson v. Broadband Wireless Int'l Corp.* (*In re Broadband Wireless Int'l Corp.*), 295 B.R. 140, 145 (10th Cir. BAP 2003). The Trustee's objection lacks such evidence.

In support of her objection, the Trustee simply asserts that the tax liability in Claim 1-6 should be reduced to reflect the liability indicated in the Debtor's late-filed tax returns. The Trustee, however, produces no evidence whatsoever to support that assertion. The Trustee produces no evidence to indicate that the IRS failed to consider the Debtor's late-filed returns, or that, as of the date the IRS filed Claim 1-6, the IRS's calculations regarding current penalties and interest, and total resulting liabilities, were incorrect. Nor does the Trustee dispute any specific amounts in Claim 1-6. The Trustee points to no probative evidence indicating that the assessments detailed in Claim 1-6 do not accurately reflect the Debtor's current tax liabilities.

The Trustee's mere assertion that the Debtor's tax liability should be reduced does not constitute evidence equal in probative force to that underlying the proof of claim. The Trustee's objection, therefore, presents no evidence to rebut the presumptive validity of Claim 1-6. Accordingly, the Court should overrule the Trustee's objection.

**II.     In the Alternative, the Trustee Should Provide a More Definite Statement, or the Parties Should Conduct Discovery.**

If the Court declines to overrule the Trustee's objection, the United States alternatively moves for a more definite statement or requests that the Court allow the parties sufficient time to conduct discovery and make dispositive motions prior to any evidentiary hearing. The Trustee's assertions fail to provide the United States notice of specific items that the Trustee disputes. So that it properly can defend its interests in this matter, the United States needs a more definite statement or discovery with respect to the Trustee's allegations.

WHEREFORE, the United States respectfully requests that the Court overrule the Trustee's objection. In the alternative, the United States respectfully requests that the Court grant its request for a more definite statement or an order setting a discovery and briefing schedule.

DATED: June 19, 2015.                                  Respectfully submitted,

                                                       CAROLINE D. CIRAOLO
                                                       Acting Assistant Attorney General

                                                       */s Charles J. Butler*
                                                       CHARLES J. BUTLER
                                                       Trial Attorney, Tax Division
                                                       U.S. Department of Justice
                                                       P.O. Box 683
                                                       Washington, D.C. 20044
                                                       202-514-6062 (v)
                                                       202-307-0054 (f)
                                                       Charles.J.Butler@usdoj.gov

                                                       Of Counsel:

                                                       JOHN WALSH
                                                       United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2015, I filed a copy of the foregoing with the Clerk of Court using the CM/ECF system, which will provide electronic notice to the following:

Richard D. Clark
taxrich@frii.com
Counsel for Debtor

Joseph G. Rosania
joe@clrpc.com
Counsel for Trustee

                                                                                            */s Charles J. Butler*
                                                                                            CHARLES J. BUTLER
                                                                                            Trial Attorney, Tax Division
                                                                                            U.S. Department of Justice